Loren McFARLIN, Plaintiff and
Appellant,

v.

FEDERAL CROP INSURANCE
CORPORATION, Appellee.

No. 24615.

United States Court of Appeals,
Ninth Circuit.

March 22, 1971.

Fullerton, Lang & Richert, Fresno, Cal., for appellant.

William D. Ruckelshaus, Asst. Atty. Gen., Alan S. Rosenthal & Raymond D. Battocchi, Attys. Dept. of Justice, Washington, D. C., John P. Hyland, U. S. Atty., Sacramento, Cal., for appellee.

Before CHAMBERS, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM:

The summary judgment of the district court is affirmed on the authority of Federal Crop Insurance Corporation v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L. Ed. 10.

All of the elements for an estoppel between private persons are present. We have spent a lot of time trying to distinguish the Merrill case and have failed. We have to hold the literal terms of the contract apply.

The facts are most aggravating. Something is wrong when the citizen can recover for a dented fender caused by a postal employee at the wheel of a government truck and one cannot when he is booby-trapped by an employee of Federal Crop Insurance. Had McFarlin known he had no government insurance, he could have bought private insurance on his oranges. But righting such wrongs has not been assigned to us.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Arthur A. McDONALD, Defendant-Appellant.

No. 25312.

United States Court of Appeals,
Ninth Circuit.

March 12, 1971.

John H. Colteaux (argued), of Ackeret & Colteaux, San Rafael, Cal., for appellant.

William C. Erxleben, Asst. U. S. Atty. (argued), Stan Pitkin, U. S. Atty., J. Byron Holcomb, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before DUNIWAY, WRIGHT and KILKENNY, Circuit Judges.

PER CURIAM:

The judgment must be affirmed on the authority of Harris v. United States, 1959, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597. We find nothing in Turner v. United States, 1970, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 that weakens the authority of *Harris*. Failure of the court to instruct on the so-called presumption contained in 26 U.S.C. § 4704(a) did not prejudice McDonald. No instruction on the subject was requested. The jury could, and perhaps did, apply the presumption, although the court did not tell them about it. The court did correctly tell the jury the necessary elements of the offense. There was evidence from which the necessary elements could be inferred. See *Turner, supra*, 396 U.S. at 421–422, 90 S.Ct. 642.

Affirmed.